## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| TIMOTHY W BUTLER, <br> Appellant, | DOCKET NUMBER <br> DA-1221-19-0077-X-1 |
| v. | |
| DEPARTMENT OF THE ARMY, <br> Agency. | DATE: July 17, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Timothy W. Butler, San Antonio, Texas, pro se.

G. Houston Parrish, Fort Knox, Kentucky, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1　　On July 18, 2023, the administrative judge issued a compliance initial decision finding the agency noncompliant with the January 20, 2023 Final Order in the underlying matter, which reversed the appellant's removal and ordered the agency to restore him to duty and pay him appropriate back pay, with interest, and

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

benefits. *Butler v. Department of the Army*, MSPB Docket No. DA-1221-19-0777-C-1, Compliance File (CF), Compliance Initial Decision (CID), Tab 14. For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2 On January 20, 2023, the Board granted the appellant's petition for review, reversed the July 3, 2019 initial decision of the administrative judge that had sustained the appellant's removal, and ordered appropriate corrective action, including restoration of employment with back pay, interest, and benefits. *Butler v. Department of the Army*, MSPB Docket No. DA-1221-19-0777-W-1, Final Order (Jan. 20, 2023). The appellant subsequently filed a petition for enforcement. CF, Tab 1. The administrative judge issued a compliance initial decision finding that the agency had properly reinstated the appellant but had not demonstrated that it provided him appropriate back pay, with interest, and benefits. CID at 4.

¶3 In the compliance initial decision, the administrative judge informed the agency that, if it decided to take the compliance actions required by the decision, it must submit to the Office of the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that it had taken the actions identified in the compliance initial decision, along with evidence establishing that it had taken those actions. CID at 6-7; 5 C.F.R. § 1201.183(a)(6)(i). She also informed the parties of their option to request Board review of the compliance initial decision by filing a petition for review by August 22, 2023, the date on which the findings of noncompliance would become final unless a petition for review was filed. CID at 7; *see* 5 C.F.R. §§ 1201.114(e), 1201.183(a)(6)(ii), 1201.183(b). Neither party petitioned for review. Accordingly, pursuant to 5 C.F.R. § 1201.183(b)-(c), the administrative judge's findings of noncompliance became final, and the appellant's petition for

enforcement was referred to the Board for a final decision on issues of compliance. *Butler v. Department of the Army*, MSPB Docket No. DA-1221-19-0777-X-1, Compliance Referral File (CRF), Tab 3.

¶4 On August 22, 2023, the agency filed a submission stating that it was working with its paying agent, the Defense Finance Accounting Service (DFAS), to calculate the appellant's back pay but that DFAS required additional information to complete its calculations. Specifically, the appellant's January 2023 submission to DFAS indicated that there were periods of time during the back pay period that he was unable to work, which would affect the amount of back pay owed. CRF, Tab 1 at 4-5. The agency stated that it had attempted to obtain the necessary information from the appellant but that he had not provided the specific dates during which he was unable to work, and the agency did not know when his period of incapacity ended (if it did) because he had been unable to work before the agency took the removal action that the Board reversed, and he was either unable to work or absent without leave since his restoration to duty. *Id.* at 5.

¶5 On August 22, 2023, the appellant filed a response to the agency's submission but did not explain which dates during the back pay period he was unable to work. Much of his response was directed to his separate compensatory damages appeals. CRF, Tab 2 at 4-5.

¶6 On September 5, 2023, the agency filed an additional pleading confirming that the agency had paid the amount it owed the appellant in compensatory damages but had not paid him back pay. CRF, Tab 4 at 4.

¶7 On December 15, 2023, the Board issued an Order instructing the appellant to file a responsive pleading informing the Board and the agency of the specific start and end dates between July 27, 2018, and February 7, 2023, that he was unable to work. The order warned the appellant that if he failed to file such a pleading, the Board might dismiss his petition for enforcement. CRF, Tab 5 at 2.

To date, the appellant has not responded to this order or filed any other submission.

## ANALYSIS

¶8      When the Board finds a personnel action unwarranted or not sustainable, it orders that the appellant be placed, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *House v. Department of the Army*, 98 M.S.P.R. 530, ¶ 9 (2005). The agency bears the burden to prove its compliance with a Board order. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Id.* The appellant may rebut the agency's evidence of compliance by making "specific, nonconclusory, and supported assertions of continued noncompliance." *Brown v. Office of Personnel Management*, 113 M.S.P.R. 325, ¶ 5 (2010).

¶9      As the agency correctly noted, the agency does not owe the appellant back pay for time periods that he was not ready, able, and willing to work. *E.g.*, *Hodges v. Department of Justice*, 121 M.S.P.R. 337, ¶ 23 (2014). The appellant informed the agency that he was unable to work due to a surgery in February 2018 – several months *before* the back pay period commenced in July 2018. *See* CFR, Tab 1 at 5. Despite multiple requests from the agency and DFAS, as well as the Board's December 2023 Order, the appellant has never informed the agency or the Board when his period of incapacity ended (if it ever did) and which dates during the back pay period he was and was not able to work.

¶10      In light of the appellant's failure to cooperate with the agency's attempt to calculate his back pay, and his failure to respond to the Board's order instructing him to provide the necessary information, we find the agency in compliance and dismiss the petition for enforcement. This is the final decision of the Merit

Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE OF APPEAL RIGHTS**[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    *Gina K. Grippando*
                                  _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.